UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAZZA HUGHES,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

    Defendants.

Case No. 15-cv-05118-BLF

**ORDER GRANTING DEFENDANT IQ DATA INTERNATIONAL'S MOTION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**

**[RE: ECF 20]**

Defendant IQ Data International, Inc. ("IQ Data") moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated on the record at the hearing on March 17, 2016 and discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff has filed a form complaint containing boilerplate allegations arising from unspecified inaccuracies in her credit reports. Plaintiff claims that she gave the defendant credit reporting agencies notice of the inaccuracies, but they and the entities that furnished the inaccurate information failed to perform reasonable investigations or correct the inaccuracies. Plaintiff asserts claims under (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; (2) the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a); and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

## II. DISCUSSION

Plaintiff's complaint fails to meet the most basic pleading requirements. Federal Rule of

---

[1] At hearing, counsel for IQ Data also asserted that venue is improper. While IQ Data may challenge venue in an appropriate motion, the issue of venue is not before the Court at this time and it is not addressed in this order.

Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) requires that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As discussed in more detail below, Plaintiff does not identify with any particularity *what* inaccurate information appeared on the credit reports. Thus the complaint does not contain facts sufficient to put IQ Data on notice of the claims against it or to show that Plaintiff is entitled to relief.

Claim 1 is asserted under the FCRA, which is titled "Responsibilities of furnishers of information to consumer reporting agencies." 15 U.S.C. § 1681s-2. Section 1681s-2(a) does not provide a private right of action, so to the extent that Plaintiff asserts a claim under that section, it is subject to dismissal. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). The FCRA does provide a private right of action under § 1681s-2(b) against a person who furnishes information to a credit reporting agency but fails to take certain steps when informed of a dispute regarding the completeness or accuracy of such information. *See id.* at 1060; *Littleton v. Experian Info. Sols., Inc.*, No. 15-cv-01619-EJD, 2015 WL 4638308, at *1 (N.D. Cal. Aug. 4, 2015). A plaintiff asserting a claim under § 1681s-2(b) must allege what information the defendant furnished to the credit reporting agency and why that information was incomplete or inaccurate. *See Littleton*, 2015 WL 4638308, at *2. Plaintiff has not alleged what information IQ Data communicated to the defendant credit reporting agencies or why such information was incomplete or inaccurate.

Claim 2 is asserted under § 1785.25(a) of the CCRA, which provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Plaintiff has not alleged what information IQ Data furnished to the defendant credit reporting agencies or that IQ Data knew or should have known the information

2

was incomplete or inaccurate.

Claim 3 is asserted under the UCL. Plaintiff's counsel stated at the hearing that Plaintiff wishes to dismiss Claim 3 voluntarily.

Accordingly, IQ Data's motion to dismiss is GRANTED as to all claims with leave to amend as to Claims 1 and 2.

### III. ORDER

(1) IQ Data's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 1 and 2;

(2) Leave to amend is limited to the claims addressed in this order; Plaintiff may not add additional claims or parties without express leave of the Court; and

(3) As stated on the record at the hearing on March 17, 2016, any amended pleading shall be filed on or before March 31, 2016.

**IT IS SO ORDERED.**

Dated: March 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge