UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAZZA HUGHES,

    Plaintiff,

  v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

    Defendants.

Case No. 15-cv-05118-BLF

**ORDER GRANTING DEFENDANT IQ DATA INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

[Re: ECF 36]

Defendant IQ Data International, Inc. ("IQ Data") moves to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] The Court granted IQ Data's prior motion to dismiss Plaintiff's complaint on the ground that the complaint was so devoid of factual specificity that it failed to meet even the most basic pleading requirements. *See* Order Granting Defendant IQ Data International's Motion to Dismiss the Complaint with Leave to Amend, ECF 31. For the reasons stated on the record at the hearing on July 7, 2016, and discussed below, the Court concludes that Plaintiff has fared little better with respect to her FAC. Defendant IQ Data's motion is GRANTED WITH LEAVE TO AMEND.

**I. BACKGROUND**

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a), based upon alleged inaccuracies in her credit reports. Plaintiff alleges that she

---

[1] IQ Data's motion also asserts that the FAC should be dismissed for improper venue. *See* Def.'s Mot. at 3, ECF 36. A motion to dismiss for improper venue may be brought under Federal Rule of Civil Procedure 12(b)(3). As IQ Data has not brought a Rule 12(b)(3) motion or articulated the legal standard for such a motion, the question of venue is not before the Court at this time and it is not addressed in this order.

filed for Chapter 7 bankruptcy protection in January 2015; her Chapter 7 bankruptcy was discharged in May 2015; and following discharge she "noticed several tradelines reporting a misleading and or inaccurate account status or listing of the account as in collections and or charged off rather than discharged in Bankruptcy." FAC ¶¶ 5-7. Plaintiff alleges that the inaccurate tradelines were reported by Defendants HSBC Bank, USA ("HSBC Bank") and IQ Data. FAC ¶¶ 8-9. With respect to IQ Data, Plaintiff alleges only that IQ Data reported Plaintiff's account as being "open" and did not reference Plaintiff's Chapter 7 discharge. FAC ¶ 9.

Plaintiff alleges that she disputed the inaccurate tradelines via certified mail to consumer reporting agencies Experian Information Solutions, Inc., Equifax, Inc., and TransUnion, LLC, and that each of those agencies "sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them." FAC ¶¶ 10-11. Plaintiff claims that "Defendants" failed to conduct a reasonable investigation and reported misleading and inaccurate information to Experian, Equifax, and TransUnion, and that Experian failed to perform its own reasonable investigation or to correct inaccuracies. FAC ¶¶ 12-13. Based on those allegations, Plaintiff sues Experian, IQ Data, and HSBC Bank for violations of the FCRA and CCRA. The present motion to dismiss is brought only by IQ Data.

## II.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

As noted above, Plaintiff asserts claims under the FCRA and the CCRA. The Court addresses those claims in turn.

#### A. Claim 1 – FCRA

Congress enacted the FCRA "'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr,* 127 S. Ct. 2201, 2205 (2007). To ensure that credit reports are accurate, the FCRA imposes two categories of duties upon "furnishers" of credit information to consumer reporting agencies, often referred to as "CRAs" in the case law. *Id.* Section 1681s-2(a) "details the duty 'to provide accurate information,'" while Section 1681s-2(b) sets forth other obligations that "are triggered 'upon notice of dispute.'" *Id.* at 1154 (quoting 15 U.S.C. § 1681s-2). The "notice of dispute" referenced by the statute occurs when a person who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that the consumer disputes the information. *Id.* Upon receiving a notice of dispute, the furnisher "'has four duties: to conduct an investigation with respect to the disputed information; to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results to all [nationwide] consumer reporting agencies to which the person furnished the information." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (internal quotation marks and citation omitted) (alteration in original).

"The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman,* 584 F.3d at 1154. "However, § 1681s-2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute" from a consumer reporting agency. *Id.* "Duties imposed on furnishers under

subsection (a) are enforceable only by federal or state agencies." *Id.*

A plaintiff suing under § 1681s-2(b) "is required to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b)(1)(A)-(E)." *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. April 29, 2016).

IQ Data contends that the FAC does not allege facts showing a credit reporting inaccuracy. The Court agrees. Plaintiff alleges that IQ Data reported Plaintiff's account as being "open" and did not reference Plaintiff's Chapter 7 discharge. FAC ¶ 9. However, she does not allege facts showing why that report was misleading or inaccurate. In her opposition brief, Plaintiff argues that her allegations that IQ Data "reported Plaintiffs [sic] account open and in collections while also failing to report that Plaintiff had filed a chapter 7 bankruptcy" are adequate to state a claim. Pl.'s Opp. at 5, ECF 40. Plaintiff misstates her FAC. The FAC does *not* allege that IQ Data reported that her account was "in collections." *See* FAC ¶ 9. The FAC does not even allege that IQ Data reported a balance owing on the account. *See id.* Accordingly, Plaintiff has failed to state a claim under the FCRA.

IQ Data also asserts a separate legal argument that Plaintiff's theory of liability against it simply is not viable. IQ Data explains in its briefing that Plaintiff's claims against it relate to a delinquent residential rental account that was placed with IQ Data for collection, and reported to consumer reporting agencies, *before* Plaintiff's Chapter 7 bankruptcy. *See* Def.'s Mot. at 3-4, ECF 36. IQ Data contends that, as a matter of law, a company that furnishes a CRA with accurate information regarding a debt has no "affirmative duty to go back and update pre-petition, historically-accurate reporting *after* the debtor obtains discharge." *Id.* at 5. In support of that argument, IQ Data relies primarily upon *Mortimer v. Bank of America* and similar cases holding that a furnisher does not violate the FCRA when it accurately reports, post-discharge, that a debt

4

was delinquent during the pendency of the bankruptcy action. *See Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013). In *Mortimer*, however, the furnisher updated its reporting post-discharge to reflect that the debt in question had been discharged and had a balance of $0. *Id.* at *4. It was in that context that the district court held that the furnisher's reporting that the debt had been delinquent during the pendency of the bankruptcy was historically accurate and thus not actionable under the FCRA. *Id.* at *9. The *Mortimer* court did not squarely address the question presented by IQ Data's motion, whether a furnisher that accurately reports a debt prior to the consumer's bankruptcy has a duty to update its reporting once the debt has been discharged.

While IQ Data's motion presents an interesting legal question regarding the precise scope of a furnisher's duty to update its pre-bankruptcy reporting, consideration of that question would be premature at this time. It is not clear from the face of the FAC *what* IQ Data reported, or when. IQ Data's briefing makes extensive reference to Plaintiff's bankruptcy schedules, and IQ Data apparently wishes the Court to take judicial notice of those schedules, but IQ Data has neither filed a request for judicial notice nor submitted copies of Plaintiff's bankruptcy schedules for the Court's review. Accordingly, IQ Data's request for judicial notice is DENIED.

IQ Data's motion to dismiss Plaintiff's FCRA claim is GRANTED WITH LEAVE TO AMEND. IQ Data requests that leave to amend be denied on the basis that Plaintiff's theory of liability is unsupported by the law. However, as discussed above, IQ Data's argument is premature absent factual development of the record. The Court does note that it granted Plaintiff leave to amend her original complaint to afford her an opportunity to allege particularized facts regarding IQ Data's conduct. *See* Order Granting Defendant IQ Data International's Motion to Dismiss the Complaint with Leave to Amend, ECF 31. Plaintiff responded with another form pleading containing virtually no factual specificity regarding IQ Data's reporting. While leave to amend is to be granted liberally, a third failure by Plaintiff to plead sufficient facts will result in dismissal without leave to amend. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (dismissal without leave to amend upheld where pleading deficiencies "persisted in every prior iteration of the TAC").

**B.     Claim 2 – CCRA**

As relevant here, the CCRA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a).

IQ Data seeks dismissal of Plaintiff's CCRA claim on the basis that "nothing in IQD's furnishing can be described as incomplete or inaccurate, as a matter of law." Def.'s Mot. at 11, ECF 36. As discussed above, Plaintiff has not alleged *what* IQ Data reported or why such reporting was misleading or inaccurate. Accordingly, IQ Data's argument that its reporting was complete and accurate is premature.

IQ Data's motion to dismiss Plaintiff's CCRA claim is GRANTED WITH LEAVE TO AMEND. For the same reasons discussed above with respect to Plaintiff's FCRA claim, the Court cautions Plaintiff that a third failure to allege specific facts regarding IQ Data's reporting will result in dismissal of Plaintiff's CCRA claim without leave to amend.

**IV.    ORDER**

Accordingly, IT IS HEREBY ORDERED that:

(1)   IQ Data's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND;

(2)   Leave to amend is limited to the claims addressed in this order; Plaintiff may not add additional claims or parties without express leave of the Court; and

(3)   Any amended pleading shall be filed on or before July 29, 2016.

Dated:  July 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge