1

2

3

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DAZZA HUGHES, | Case No.  15-cv-05118-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING IQD'S MOTION FOR SUMMARY JUDGMENT ON FCRA CLAIM AND DENYING IQD'S MOTION FOR SUMMARY JUDGMENT ON CCRA CLAIM; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER CCRA CLAIM; AND DISMISSING CCRA CLAIM** |
| IQ DATA INTERNATIONAL, INC., | |
| Defendant. | |
| | **[RE:  ECF 54]** |

Plaintiff Dazza Hughes' counsel has filed hundreds of cookie-cutter lawsuits alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and California's Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a).  To date, counsel has settled with most defendants in most cases at the pleading stage.  This is the first case before the undersigned to advance to summary judgment, and it seems that counsel was ill-prepared for such a development, as he did not present *any* evidence in opposition to the summary judgment motion brought by the only defendant remaining in this action, IQ Data International, Inc. ("IQD").

For the reasons discussed below, the Court GRANTS summary judgment for IQD on Hughes' FCRA claim, declines to exercise supplemental jurisdiction over Hughes' CCRA claim, and on that basis DISMISSES the CCRA claim without prejudice to refiling it in state court.[1]

---

[1] In light of these rulings, IQD's alternative motion to dismiss or transfer venue, ECF 53, is MOOT.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.   FACTS

Hughes filed her fourth bankruptcy case, a Chapter 7 petition, in January 2015 and she obtained discharge in May 2015.  *See* BR Docket, Exh. E to Def.'s Request for Judicial Notice, ECF 55-5.  She filed this lawsuit in November 2015, alleging that after discharge her credit reports incorrectly listed certain accounts as open, in collections, or charged off when in fact they had been discharged.  *See* Compl., ECF 1.  Following the Court's dismissal of the original and first amended complaints for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Hughes filed the operative second amended complaint ("SAC") asserting two claims against IQD, the first for violation of the FCRA and the second for violation of the CCRA.  *See* SAC, ECF 51.

IQD is a national collections agency specializing in property management debt recovery.  *See* SAC ¶¶ 19-33, ECF 51; McDonald Decl. ¶ 2, ECF 54-1.  In February 2014, Hughes' delinquent residential rental account was placed with IQD for collection.  *Id.* ¶ 5.  IQD furnished the delinquent account information on a monthly basis to the three major credit reporting agencies ("CRAs"), Equifax, Inc., Experian Information Solutions, Inc., and TransUnion LLC.  *Id.*

Hughes claims that after her Chapter 7 discharge, she ordered a three-bureau credit report and discovered that the residential account still appeared as open, without reference to her Chapter 7 filing or discharge.  SAC ¶¶ 6-7.  She claims that she disputed the inaccurate tradelines with the CRAs and that the CRAs in turn notified IQD, but that IQD failed to conduct a reasonable investigation and failed to correct the inaccurate tradelines in violation of the FCRA and CCRA.  SAC ¶¶ 9-12.

IQD has seeks summary judgment on both the FCRA and CCRA claims.

## II.   LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  The moving party has the burden of establishing that there is no dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the

nonmovant's favor." *City of Pomona*, 750 F.3d at 1049.  "[T]he 'mere existence of a scintilla of evidence in support of the plaintiff's position'" is insufficient to defeat a motion for summary judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'"  *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587  (1986)).

**III.    DISCUSSION**

**A.    FCRA**

Claim 1 is asserted under the FCRA, which creates a private right of action against "furnishers" – individuals and entities who furnish information to CRAs – for noncompliance with duties imposed under 15 U.S.C. § 1681s-2(b).  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  That provision imposes certain obligations on a furnisher, such as a duty to conduct an investigation, when the furnisher receives notice from a CRA that a consumer disputes information reported by the furnisher.  *Id.*

A plaintiff is required to plead and prove four elements to prevail on an FCRA claim against a credit furnisher:  "(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s-2(b) (1)(A)-(E)."  *Denison v. Citifinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016).  A furnisher's duties under § 1681s-2(b) of the FCRA arise "only after the furnisher receives notice of dispute from a CRA."  *Gorman*, 584 F.3d at 1154.

In support of its motion for summary judgment, IQD submits the declaration of its employee, Heather MacDonald, who states that "at no time did IQD ever receive an Automated Consumer Dispute Verification form ("ACDV") or other notice of dispute from any of the CRA[s] related to the Account."  MacDonald Decl. ¶ 9.  This evidence is sufficient to meet IQD's burden on summary judgment, as it negates the third element of the FCRA claim, that a CRA notified

1    IQD of the alleged inaccurate information.  Thus the burden shifts to Hughes to submit evidence

2    sufficient to create a triable issue of fact as to whether any CRA notified IQD of the dispute.

3          Hughes presents no evidence whatsoever in opposition to IQD's motion for summary

4    judgment.  She argues in her opposition brief that she obtained a credit report in August 2015

5    showing that IQD had reported the account to Experian as "open" after the Chapter 7 discharge

6    while reporting the account to Equifax as "closed."  However, those statements are pure attorney

7    argument, unsupported by any evidence.  "[W]here a furnisher has produced evidence that it was

8    not notified by the CRA of the consumer's dispute, the CRA's statutory obligation to provide

9    notice is alone insufficient to raise a genuine dispute at the summary judgment stage."  *Sheridan v.*

10   *FIA Card Servs., N.A.*, No. C13-01179 HRL, 2014 WL 587739, at *4 (N.D. Cal. Feb. 14, 2014)

11   (collecting cases).  Because IQD has met its initial burden on summary judgment by submitting

12   evidence to negate an element of Hughes' FCRA claim, and Hughes has not met her burden of

13   submitting evidence to create a triable issue of material fact, IQD is entitled to summary judgment

14   on the FCRA claim.

15         IQD's motion for summary judgment is GRANTED on Claim 1 for violation of the FCRA.

16   **B.      CCRA**

17         Claim 2 is asserted under § 1785.25(a) of the CCRA, which provides that "[a] person shall

18   not furnish information on a specific transaction or experience to any consumer credit reporting

19   agency if the person knows or should know the information is incomplete or inaccurate."  Cal.

20   Civ. Code § 1785.25(a).  IQD argues that it is entitled to summary judgment on the CCRA claim

21   for the same reasons that it is entitled to summary judgment on the FCRA claim.  However, the

22   CCRA does not contain the same statutory prerequisite to liability – a CRA's notification to the

23   furnisher of the dispute – which entitles IQD to summary judgment on the FCRA claim.  IQD has

24   not shown the absence of disputed issues as to whether IQD furnished information to a CRA that it

25   knew or should have known was incomplete or inaccurate.

26         However, in light of the Court's determination that IQD is entitled to summary judgment

27   on the FCRA claim, the Court declines to exercise supplemental jurisdiction over the remaining

28   CCRA claim.  "A district court 'may decline to exercise supplemental jurisdiction' if it 'has

United States District Court
Northern District of California

4

dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  To date, the Court's oversight of the case has been limited to approving stipulated dismissals of three defendants and issuing two orders noting the deficiencies in Hughes' pleadings with respect to IQD.  The Court therefore perceives no reason to depart from the "usual case" in which state law claims are dismissed following disposition of all federal claims.

Accordingly, IQD's motion for summary judgment is DENIED on Claim 2 for violation of the CCRA.  However, the Court declines to exercise supplemental jurisdiction over Claim 2 and therefore Claim 2 is DISMISSED without prejudice to the refiling of that claim in state court.

## IV.   ORDER

(1)    Defendant IQD's motion for summary judgment is GRANTED on Claim 1  for violation of the FCRA and DENIED on Claim 2 for violation of the CCRA; and

(2)    Claim 2 for violation of the CCRA is DISMISSED without prejudice to the refiling of that claim in state court.

Dated:  December 22, 2016

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5